FILED
CLERK

7/22/2016 1:21 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

JASON P. BRAND,

                                  Plaintiff,

                 -against-

CHEX SYSTEMS INC., EXPERIAN INFORMATION
SOLUTIONS, TRANS UNION CORPORATION, c/o
Printer Hall Corp.; EQUIFAX INFORMATION SERVICES
INC., c/o CSC; BANK OF AMERICA NA, CAPITAL ONE
BANK, NA, WELLS FARGO NA, CITIZENS BANK, RBS
Citizens, NA; ABC CORP. 1-3., JOHN DOES 1-10, US
BANK NA,

                             Defendants.
-----------------------------------------------------------------------X

JASON P. BRAND,

                                  Plaintiff,

                 -against-

BANK OF AMERICA NA,

                                Defendant.
-----------------------------------------------------------------------X

**ORDER**
16-CV-1998 (JMA)(GRB)

16-CV-3965 (JMA)(GRB)

**AZRACK, United States District Judge:**

       On April 13, 2016, *pro se* plaintiff Jason P. Brand ("plaintiff") filed his eighth *in forma*

*pauperis* complaint in this Court (the "April Complaint") in as many months.[1]   The April

Complaint is against Chex Systems Inc., Experian Information Solutions, Trans Union

Corporation, c/o Printer Hall Corp.; Equifax Information Services Inc., c/o CSC; Bank of America

---

[1]   See 15-CV-5021(JMA)(GRB) Brand v. Narco Freedom, 15-6285(JMA)(GRB) Brand v. US Bank, 15-6286
(JMA)(GRB) Brand v. AIG, 15-6371(JMA)(GRB) Brand v. Lloyds of London, 15-6437(JMA)(GRB) Brand v. NYS
Attorney General, 16-580(JMA)(GRB) Daso Development Corp. v. AmTrust NA, and 15-6678 (JMA)(GRB) Brand
v. Arch Specialty Ins. Co..

NA, Capital One Bank, NA, Wells Fargo NA, Citizens Bank, RBS Citizens, NA; ABC Corp. 1-3.,

John Does 1-10, US Bank NA and purports to allege that these defendants have deprived plaintiff

of due process of law in violation of his constitutional rights.    On July 15, 2016, plaintiff filed

another *in forma pauperis* complaint (the "July Complaint") also against Bank of America, NA.

Like the April Complaint, plaintiff claims here that Bank of America has deprived plaintiff of his

constitutional right to due process of law.    The Court: (1) consolidates the April Complaint and

the July Complaint under the earlier filed complaint, 16-1998(JMA)(GRB), and directs that the

case assigned docket number 16-3965(JMA)(GRB) be closed; (2) grants plaintiff's requests to

proceed *in forma pauperis,* and (3) *sua sponte* dismisses these complaints pursuant to 28 U.S.C. §

1915(e)(2)(B) (ii) for the reasons that follow.

## I.    BACKGROUND[2]

Plaintiff's brief, handwritten complaints are submitted on the Court's general complaint

form and are difficult to decipher.    Plaintiff has checked the box on each complaint form to allege

that he seeks to invoke this Court's federal question subject matter jurisdiction.    (See April

Compl.   ¶ II.A., July Compl. ¶ II.A.)    In the space on the form complaint that calls for the

"federal Constitutional or treaty right" at issue, plaintiff alleges "due process" on each complaint.

(Id. ¶ II.B.)    The gist of the April Complaint is that plaintiff seeks to impose liability on the

defendants for adversely effecting plaintiff's credit reports.    Plaintiff claims that he is unable to

pay financial obligations because he there is a state court order that forbids him from dissipating

assets.    As a result, plaintiff complains that he cannot, by law, pay his financial obligations and

yet his failure to do so has resulted in negative entries on his credit reports.    Thus, plaintiff alleges

---

[2] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

that the defendants have deprived him of due process of law.

The July Complaint, like the April Complaint, is difficult to comprehend.   At best, the Court understands plaintiff to complain that, as a result of a New York State Supreme Court Order of Attachment held by New York State in an underlying asset forfeiture action, plaintiff is suffering financial losses, including the foreclosure of a property in Florida.   Plaintiff claims he holds a "borrowers protection plan" from Bank of America that provides that the plan shall pay his mortgage if he were to become disabled and unemployed.   Plaintiff claims to have become disabled as of October 2014 and, yet, the mortgage was unpaid.   Accordingly, plaintiff alleges that Bank of America has deprived plaintiff of due process of law.

## II.    DISCUSSION

### A.    *In Forma Pauperis* **Application**

Upon review of plaintiff's declarations in support of the applications to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence these actions without prepayment of the filing fees.   28 U.S.C. § 1915(a)(1).   Therefore, plaintiff's applications to proceed *in forma pauperis* are granted.

### B.    **Standard of Review**

Pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).   The Court must dismiss the action as soon as it makes such a determination.

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."   Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).    In

addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.   United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").   However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).   The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."   Id. at 678.   While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   Id. at 678 (quoting Twombly, 550 U.S. at 555).

## C.    Consolidation of the Complaints

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."   Fed. R. Civ. P. 42(a).   "The trial court has broad discretion to determine whether consolidation is appropriate."   Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation is appropriate in order to serve the interests of judicial economy.   See, e.g., Jacobs v. Castillo, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009)

("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," Johnson, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (internal citations omitted).

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." Kellen Co. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); accord Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co., 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221. Here, the complaints filed by plaintiff, although difficult to comprehend, appear to allege deprivations of due process by Bank of America, a defendant in each complaint. Accordingly, the Court orders that plaintiff's complaints be consolidated pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 16-CV-1998. The Clerk of Court is directed to: (1) consolidate these actions; and (2) mark the July Complaint (16-CV-3965) closed. All future filings are to be docketed in only 16-CV-1998.

**D.    Plaintiff's Claims Do Not Allege State Action**

The proper vehicle to allege a deprivation of a constitutional right is pursuant to 42 U.S.C. § 1983 ("Section 1983"). Section 1983 provides that

5

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Here, plaintiff has named only private parties who do not act under color of state law as defendants. In order to state a valid Section 1983 claim, a plaintiff must allege, *inter alia,* that the conduct challenged was "committed by a person acting under color of state law." Cornejo, 592 F.3d at 127 (citation omitted). However, private actors may be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24.

To state a plausible Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an

6

unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir.1999)).   Here, as is readily apparent, plaintiff has not alleged any facts from which the Court could liberally construe joint action by any of the defendants with a state actor or that any of the defendants conspired with a state actor to deprive plaintiff of some constitutional right.   Thus, plaintiff has not alleged a plausible conspiracy claim.

Because none of the defendants are state actors, there is no legal basis for a Section 1983 claim against them.  See, e.g., Polk County, 454 U .S. at 325.   Accordingly, plaintiff's Section 1983 claims fail as a matter of law, and are dismissed pursuant to 28 U.S.C. § 1915(e)(2) (B)(ii).

**D.    Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."   Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)).   Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his complaint."   Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted).   Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint, particularly given his litigation history.   In an abundance of caution, plaintiff is

afforded an opportunity to amend his complaint in accordance with this Order.   However, plaintiff is urged to review his complaints presently pending in this Court before filing an amended complaint here.   If any of the claims he seeks to pursue here are already before the Court, albeit in a different complaint filed by plaintiff, he need not file an amended complaint.

Should plaintiff decide to file an amended complaint, it must be labeled as an "amended complaint", bear only docket number 16-CV-1998(JMA)(GRB), and shall be filed within thirty (30) days from the date of this Order.   Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue in the amended complaint.   Further, if plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case shall be closed.

### III.    CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but plaintiff's claim are *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and plaintiff is afforded an opportunity to amend such claims in accordance with this Order.   **Plaintiff's amended complaint must be labeled as an "amended complaint", bear the same docket number as this Order, 16-CV-1998(JMA) (GRB), and shall be filed within thirty (30) days from the date of this Order.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).   The Clerk of the Court is directed to send a copy of this Order to *pro se* plaintiff.

**SO ORDERED.**                                      ___/s/ JMA_____
                                                     Joan M. Azrack
Dated:   July 22, 2016                               United States District Judge
          Central Islip, New York

8